UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 15-10302-GAO-7

UNITED STATES OF AMERICA

v.

CORY S. NICKERSON

**ORDER ON DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS
AND THE GOVERNMENT'S MOTION FOR DETENTION**

October 20, 2015

Boal, M.J.

Defendant, Cory Nickerson ("Nickerson"), is charged in an indictment with conspiracy to possess with intent to distribute and to distribute a controlled substance, to wit heroin and fentanyl in violation of 21 U.S.C. § 846.  An initial appearance was held on October 1, 2015, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), § 3142(f)(2)(A) (risk of flight), § 3142(d)(1)(A)(i) (defendant is on release pending trial for a felony under federal, state, or local law).

A detention hearing was held on October 13, 2015.  The government called DEA Special Agent Kevin C. Hersey and introduced one exhibit into evidence.  Dkt No. 117.  Defense counsel cross-examined Special Agent Hersey.  This Court considered the evidence submitted at the hearing, the parties' arguments, and a Pretrial Services Report that recommended detention. After careful consideration of the evidence and for the following reasons, the Court orders the defendant detained pending trial.

1

I.      ANALYSIS

    A.      The Bail Reform Act

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses "a danger to the safety of any other person or the community if released," or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-793 (1st Cir. 1991). If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed a controlled substance offense with a maximum term of imprisonment of ten years or more, a "rebuttable presumption" of danger and flight arises. 18 U.S.C. § 3142(e). The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community or a flight risk. United States v. Jessup,

757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by* United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Without credible evidence to rebut the presumption, the presumption alone may justify detention. United States v. Alatishe, 768 F.2d 364, 371 (D.C.Cir. 1985). Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the Government. Jessup, 757 F.2d at 381.

### B. Nature Of The Offense; Weight Of The Evidence

This case arises out of a fifteen-month wiretap investigation targeting heroin distributors operating in and around Taunton, Massachusetts. The government alleges that Nickerson is a heroin redistributor based out of New Bedford, Massachusetts. Specifically, the government alleges that in February 2015, Nickerson communicated with co-defendant Manuel Romero-Gonsalez with the intention of procuring thirty grams of heroin, which Nickerson then redistributed.

### C. Defendant's History And Characteristics

Nickerson is a thirty-one year old United States citizen who was born in New Bedford, Massachusetts. He graduated from Dennis Yarmouth Regional High School in 2002. He also obtained a certificate in restaurant management while he was incarcerated.

Nickerson indicated that he has been diagnosed with several mental health conditions, and he has been on and off of psychiatric medications since 2013.

### D. Risk Of Flight

Nickerson has significant ties to Massachusetts. He is a lifelong resident of Massachusetts and he grew up in the Dennis, Massachusetts area. For the past nine months, Nickerson has lived with his mother in New Bedford. Prior to that, Nickerson lived in New

Bedford with both his mother and his fiancé, with whom he has been in relationship for the past sixteen months. His mother and brother also live in New Bedford.

Nickerson has three children from previous relationships. Two of his children reside with their mother in New Bedford. His oldest son was adopted. Nickerson pays monthly court-ordered child support payments.

Nickerson does not have a passport and has never traveled outside the United States.

### E. Dangerousness

Narcotics trafficking is encompassed within Congress' definition of danger to the community. United States v. Leon, 766 F.2d 77, 81 (2nd Cir. 1985). As indicated above, the government alleges that Nickerson is connected to the distribution of heroin. At the detention hearing, the government presented evidence about the nature of these underlying charges.

Nickerson has a history of substance abuse, including reliance on alcohol and heroin. He reported that he has been clean for the past five months, he attends AA meetings, and he has participated in a methadone clinic.

Nickerson has had seven restraining orders issued against him, six of which were issued at the request of the mother of two of his children. He has two drug possession charges for heroin and soboxin pending against him in New Bedford district court, and he committed the current offense while on release pending these state court charges. Nickerson has been convicted of numerous drug related charges, assault and battery, operating with a revoked license, and operating under the influence. His criminal record shows multiple defaults.

### F. Assessment Of All Factors

In light of the criteria for detention set forth in 18 U.S.C. § 3142, the Court determines that the government has met its burden regarding detention. Nickerson has requested that he be

released to the third-party custody of his mother and that he be subject to home confinement, with permission to leave limited solely to medical and weekly outpatient drug counseling and visits with counsel, GPS monitoring, and random drug screening and home searches. Nickerson also agreed to sign an unsecured appearance bond in the amount of $50,000. However, in light of Nickerson's criminal history, the nature of the offense, his prior defaults and violation of state court release conditions, and the presumption of risk of flight and dangerousness applicable to this case, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## II.    ORDER

In accordance with the foregoing memorandum, IT IS ORDERED that:

1. Cory Nickerson be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Cory Nickerson be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Cory Nickerson is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge